# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CLASSIE NORMAN** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) CV _____ |
| **COMPLETE PAYMENT RECOVERY SERVICES, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

COMES NOW the Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendant states as follows:

### JURISDICTION

1. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over state law claims and claims arising under the TCPA which are predicated upon the same facts and circumstances that give rise to the federal causes of action pursuant to 28 U.S.C. § 1367. Injunctive relief is available pursuant to the TCPA.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and out of the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

### PARTIES

3. Plaintiff Classie Norman ("Plaintiff") is a natural person who is a resident of Alabama and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Complete Payment Recovery Services, Inc. ("Defendant") is a foreign corporation that engages in the business of debt collection. It conducts business in Alabama. Its principal place of business is in the State of Florida and it is incorporated in Georgia.

## FACTUAL ALLEGATIONS

5. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

6. The original creditor, Wind Creek Casino Wetumpka ("Creek Casino"), transferred, assigned or sold the debt to Defendant and/or Defendant has been hired by Creek Casino to collect on the debt.

7. Defendant began harassing collection activities against Plaintiff.

8. Defendant made a large number of harassing and repeated phone calls to Plaintiff's cell phone.

9. Defendant refused on one or more occasions to give the mini-miranda and other disclosures as required when leaving voicemails in its efforts to collect the debt.

10. Defendant also illegally used an autodialer, predictive dialer, and/or pre-recorded calls to Plaintiff's cell phone without permission to do so in violation of the Telephone Consumer Protection Act (TCPA).

11. Plaintiff never gave Defendant permission to call Plaintiff's cell phone with an autodialer, predictive dialer, or to use pre-recorded calls.

12. The harassing and repeated phone calls have been made within the applicable statute of limitations period.

## SUMMARY

13. All of the above-described collection communications made to Plaintiff by Defendant were made in violation of the FDCPA and TCPA.

14. The above-detailed conduct by Defendant of harassing Plaintiff in an effort to collect a debt was also an invasion of Plaintiff's privacy by an intrusion upon seclusion and resulted in actual damages to the Plaintiff.

15. This series of abusive collection calls by Defendant and its agents caused Plaintiff stress and anguish as a result of these abusive calls.

16. Defendant's repeated attempts to collect this debt from Plaintiff and refusal to stop violating the law was an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

17. Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendant in the form of anger, anxiety, emotional distress, fear, frustration,

upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

### NEGLIGENT AND WANTON HIRING AND SUPERVISION

18. Defendant negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

### CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff, including the failure to give the required mini-miranda warning and other disclosures.

21. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 each pursuant to 15 U.S.C. § 1692k(a)(2)(A); (2) actual and compensatory damages; and, (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

### COUNT II.
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)
### (47 U.S.C. § 227)

22. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

23. Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded messages that have been unleashed against Plaintiff by Defendant.

24. There is no exception or justification for the numerous violations of the TCPA by Defendant as Plaintiff has not consented to the Defendant's use of these tactics against Plaintiff's cell phone.

25. Each call is a separate violation and entitles Plaintiff to statutory damages against Defendant in the amount of at least $500.00 per call and Plaintiff requests that since the

violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

26. All actions taken by Defendant were done willfully and recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.

27. All of the violations of the TCPA proximately caused the injuries and damages set forth in this Complaint.

## COUNT III.
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

28. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

29. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant violated Alabama state law as described in this Complaint.

30. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy**. 15 U.S.C. § 1692(a) (emphasis added).

31. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing **obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information. 15 U.S.C. § 6801(a) (emphasis added).

32. Defendant and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

33. Defendant and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

34. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

35. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

36. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

37. All acts of Defendant and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

## COUNT IV.
## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

38. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

39. Defendant negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and are thereby responsible to Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## COUNT V.
## NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

40. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

41. Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

42. Defendant violated all of the duties Defendant had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

43. It was foreseeable, and Defendant did in fact foresee it, the actions of the Defendant would lead and did lead to the exact type of harm suffered by Plaintiff.

44. Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

45. Defendant invaded the privacy of Plaintiff as set forth under Alabama law.

46. Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this Complaint.

47. As a result of this conduct, action, and inaction of Defendant, Plaintiff has suffered damage as set forth in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray that judgment be entered against Defendant:

## COUNT I.
## VIOLATIONS OF THE FDCPA

- for an award of actual damages for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(1);
- for an award of statutory damages of $1,000.00 for Plaintiff pursuant to 15 U.S.C. §1692k(a)(2)(A);
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);
- for a permanent injunction to prevent future violations of the FDCPA by Defendant;
- for such other and further relief as may be just and proper.

## COUNT II.
## VIOLATIONS OF THE TCPA

- for an award of actual damages for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent TCPA violations in an amount to be determined at trial for Plaintiff;
- statutory damages of $500.00 to $1,500.00 per call for Plaintiff;
- for a permanent injunction to prevent future violations of the TCPA by Defendant; and
- for such other and further relief as may be just and proper.

## COUNT III.
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent

6

        FDCPA violations and intentional, reckless, and/or negligent state law violations in an amount to be determined at trial for Plaintiff;

- punitive damage; and
- for such other and further relief as may be just and proper.

## COUNT IV.
### NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

- for an award of actual damages for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA/TCPA violations, intentional, reckless, and/or negligent hiring and supervision of incompetent debt collectors intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiff;
- punitive damage; and
- for such other and further relief as may be just and proper.

## COUNT V.
### NEGLIGENT, WANTON, AND INTENTIONAL CONDUCT

- for an award of actual damages for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of state law in an amount to be determined at trial for Plaintiff;
- punitive damages; and
- for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ Brian Spellen ASB-3262-N70S
Attorney for Plaintiff
OF COUNSEL
Trinity Law Group, LLC
1933 Richard Arrington Jr., Blvd. S., Suite 223
Birmingham, Alabama 35209
(205) 820-9474

PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.

/s/ Brian Spellen
Attorney for Plaintiff

Serve Defendant via certified mail at the following addresses:

Complete Payment Recovery Services, Inc.

c/o Registered Agent: C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104